IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN R. BELISLE, )
)
        Plaintiff, )
)
v. )   Case No. 08-2087-EFM
)
BNSF RAILWAY COMPANY, )
)
        Defendant. )

### **ORDER**

This is a case brought under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. Plaintiff, Justin Belisle, was an employee of defendant, BNSF Railway Company, when he was injured on March 3, 2007, at defendant's Newton, Kansas, train yard. Plaintiff alleges that on the date of the incident, defendant assigned him to prepare a train for departure. The train was parked on a main-line track that was adjacent to a second main-line track. Plaintiff was injured when a train passed on the second main-line track. Currently before the court is defendant's motion **(doc. 220)** for a protective order quashing the deposition notice that plaintiff served on Donald Mai, a management employee of defendant. For the reasons discussed below, defendant's motion is denied.

Defendant argues that, pursuant to Fed. R. Civ. P. 26(c), the deposition notice should be quashed because the deposition would be an annoyance and unduly burdensome in light of Mr. Mai's lack of information relevant to the incident. Plaintiff responds that Mr. Mai was formerly the Trainmaster at the Newton train yard and was the recipient of complaints by

employees regarding the danger of the type of work being performed by plaintiff at the time of the accident. Plaintiff asserts that in deposing Mr. Mai, he seeks to "question him about these complaints *and* learn what he knows about how the practice of doing this type of work started, and continued, despite safety concerns of employees."[1]

"Courts do not favor thwarting a deposition . . . [and] rarely grant a protective order which totally prohibits a deposition, unless extraordinary circumstances are present."[2] However, Fed. R. Civ. P. 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking the protective order has the burden to show good cause by providing the court "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[3] Rule 26(c) does not give the court leave to enter a protective order "to protect a party from having to provide discovery on topics merely because those topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence."[4]

---

[1] Plaintiff's Response in Opposition to Motion to Quash at 1 (emphasis added).

[2] *Mike v. Dymon, Inc.*, 169 F.R.D. 376, 378 (D. Kan. 1996).

[3] *P.S. v. Farm, Inc.*, No. 07-2210, 2009 WL 483236, at *3 (D. Kan. Feb. 24, 2009) (internal quotation and citation denied); *see also Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).

[4] *Id.* (quoting *Kansas Waste Water, Inc. v. Alliant Techsystems, Inc.*, No. 02-2605, 2005 WL 327144, at *2 (D. Kan. Feb. 3, 2005)).

Defendant has submitted two affidavits from Mr. Mai. Mr. Mai testifies that he has "no knowledge of complaints about work conditions" at the Newton rail yard[5] and that he has not worked at the Newton rail yard since 2002. Mr. Mai also contends that his attendance at the deposition would interrupt the performance of his critical duties for defendant.[6] Defendant argues that, given Mr. Mai's important work activities and lack of relevant knowledge, the deposition would be both an undue burden and an annoyance.

The court finds that defendant has failed to establish good cause for the entry of a protective order. Defendant has not demonstrated that the deposition would cause Mr. Mai or defendant an undue burden. The burden caused by an interruption to Mr. Mai's job duties is slight; surely defendant has the ability to reassign Mr. Mai's duties in the event that Mr. Mai requests time off, or, in this case, is ordered to appear at a deposition related to his work for defendant. Likewise, defendant has not shown that the deposition would yield no information likely to lead to the discovery of admissible evidence.[7] While Mr. Mai professes to have no knowledge of safety complaints about work conditions at the Newton rail yard, he does not suggest that he has no knowledge about plaintiff's other stated area of inquiry: how defendant's practice of assigning work to be performed on adjacent main line tracks

---

[5]Affidavit of Donald Mai, Exhibit A toDefendant's Response to Plaintiff's Memorandum Opposing Motion to Quash.

[6]Moreover, Mr. Mai states that he was not a witness to the accident, did not supervise the work effort or employees involved in the accident, and did not participate in the investigation of the accident.

[7]*See* Fed. R. Civ. P. 26(b)(1) (permitting discovery "regarding any non-privileged matter that is relevant to any party's claim or defense").

"started, and continued." Defendant has not overcome the preference against thwarting a deposition, and defendant's motion for a protective order quashing the deposition notice served on Mr. Mai is **denied**.

Dated this 1st day of June, 2009, at Kansas City, Kansas.

 s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge