IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN R. BELISLE,                          )
                                            )
                    Plaintiff,              )
                                            )
v.                                          )        Case No. 08-2087-EFM
                                            )
BNSF RAILWAY COMPANY,                       )
                                            )
                    Defendant.              )

## <u>ORDER</u>

This case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on the motion of plaintiff, Justin R. Belisle, to compel defendant, BNSF Railway Company, to produce corporate designees for depositions pursuant to Fed. R. Civ. P. 30(b)(6) (**doc. 303**). For the reasons discussed below, the motion is granted.

On May 14, 2009, plaintiff served defendant with a Rule 30(b)(6) notice to take the deposition of defendant, through its corporate representatives, on seventeen listed topics "relating to [the] Incident and Investigation."[1]  On that same day, plaintiff also served defendant with four other Rule 30(b)(6) notices relating to other topics.[2]  Defendant objected to some portions of the notices, and the parties undertook negotiations on the subject.  On June 12, 2009, defendant filed a motion for a protective order seeking to quash the Rule 30(b)(6) deposition notices, largely on the ground that the notices contained "omnibus"

---

[1] Rule 30(b)(6) notice, Exhibit A to doc. 304.

[2] *See* Exhibits 2–5 to doc. 250.

terms.[3]  It is significant to note, however, that defendant's motion for a protective order did

*not* address plaintiff's Rule 30(b)(6) deposition notice that related to the incident

investigation, rather, it addressed only the four notices that related to the other topics.[4]  On

June 15, 2009, plaintiff filed a motion to amend the scheduling order to extend the deadlines

for the close of discovery.[5]  While plaintiff's motion did not specifically address the Rule

30(b)(6) deposition notice that related to the incident investigation, his memorandum in

support of the motion asserted that, due to defendant's late disclosure of railroad officials

involved in the investigation, "Plaintiff has run out of time to depose these other people

involved in the investigation."[6]

On June 22, 2009, the undersigned held a status conference[7] and discussed with the

parties the discovery issues that remained in the case.  The parties signaled that, although

they had reached agreements on many issues raised in defendant's motion for a protective

order and in plaintiff's motion to amend the scheduling order, one discovery issue that

---

[3]Docs. 249 & 250.

[4]*See* doc. 250.  While defendant attached the Rule 30(b)(6) notice related to the incident and investigation as an attachment to its memorandum in support of its motion to compel, defendant made no reference to that notice in the motion or memorandum.  The undersigned confirmed this fact at the status conference held on June 22, 2009.  Tr. of 6/22/2009 hearing, Ex. 2 to doc. 293, at 27–28.

[5]Doc. 253.

[6]Doc. 254 at 21.

[7]This status conference was held in the courtroom, not (as represented in defendant's memorandum in response to the instant motion) by telephone.

remained was the "corporate designee deposition regarding both practices and procedures relating to the incident and investigation."[8] Plaintiff's counsel, Mr. Gordon, represented that defense counsel, Mr. Roberts, who was not at the conference, had agreed that this Rule 30(b)(6) deposition "would go forward," but "then there was some backtracking on that when the motion for protective order was filed."[9] However, according to Mr. Gordon, in an effort to resolve defendant's motion for a protective order, Mr. Roberts agreed to "go forward with the depositions" in exchange for plaintiff "withdraw[ing] that omnibus clause" that was at issue in defendant's motion.[10] Mr. Coates, defense counsel who was at the hearing, did not dispute that an agreement had been reached on the issue of the Rule 30(b)(6) deposition related to the incident investigation, but stated that he wanted the "opportunity to talk to co-counsel" to confirm the agreement.[11] The parties then requested that the court be available for a telephone conference the following day, June 23, 2009, to issue a ruling on the matter if a dispute remained after Mr. Coates spoke with Mr. Roberts.[12] The court agreed to be available on the morning of June 23, 2009. The parties did not contact the court regarding the remaining Rule 30(b)(6) deposition on June 23, 2009, or on any subsequent day prior to August 2, 2009, when plaintiff filed the instant motion to compel.

---

[8]Tr. of 6/22/2009 hearing, Ex. 2 to doc. 293, at 25.

[9]*Id.* at 25–26.

[10]*Id.* at 28–29.

[11]*Id.* at 29.

[12]*Id.* at 31–32.

In the instant motion, plaintiff alleges that defendant has failed to produce corporate representatives to answer questions about six topics listed in plaintiff's Rule 30(b)(6) deposition notice related to the incident investigation.  The six topics fall into two categories of information: (1) complaints made to defendant about work on trains at defendant's Newton, Kansas, railyard or anywhere on defendant's railroad;[13] and (2) defendant's investigation of the accident at issue in this case.[14]  Defendant does not dispute that it has not produced corporate representatives for depositions on these topics, but states that "it is defendant's understanding that plaintiff's 30(b)(6) notices are no longer operative and were replaced by the Magistrate Judge's June 22, 2009 order."[15]  Defendant further states that the topics listed in the deposition notice "were specifically 'objected' to in defendant's motion to quash, prior to the status conference."[16]

Defendant's representation of the contents of its motion for a protective order, and defendant's interpretation of what was discussed and resolved at the June 22, 2009, status conference, are both simply wrong.  As set forth above, defendant's motion for a protective order did not address the Rule 30(b)(6) deposition notice that is the subject of the instant motion.  Although this deposition notice was discussed at the status conference, the court

---

[13]*See* topics 5 & 6 in Rule 30(b)(6) notice, Exhibit A to doc. 304.

[14]*See id.* topics 8–11.

[15]Doc. 310 at 4.  Presumably, defendant is referencing the court's June 23, 2009, order (doc. 273) memorializing the court's rulings at the June 22, 2009, conference.

[16]Doc. 310 at 4.

certainly did *not* indicate that the notice was no longer operative.  To the contrary, the court recognized the tentative agreement between the parties that all noticed Rule 30(b)(6) depositions would go forward if plaintiff modified the notices that were the subject of defendant's motion for a protective order.[17]  The parties agreed to solidify the agreement the following day when Mr. Roberts became available, and to contact the court that day if a dispute remained.  Hearing nothing from the parties, the court logically presumed that the matter had been resolved and defendant would produce corporate representatives on the topics listed in the Rule 30(b)(6) notice related to the incident investigation.

Defendant has presented no compelling reasons why it should not produce corporate representatives to give deposition testimony related to complaints made to defendant and defendant's investigation of the accident.  Accordingly, plaintiff's motion to compel is granted.  Defendant shall produce for deposition one or more corporate representatives with knowledge of the noticed topics no later than **August 28, 2009.**[18]

IT IS SO ORDERED.

Dated this 14th day of August, 2009, at Kansas City, Kansas.

s/James P. O'Hara

---

[17]Indeed, based on this agreement, the court denied defendant's motion as moot.  Tr. of 6/22/2009 hearing, Ex. 2 to doc. 293, at 31.

[18]The court recognizes that Mr. Coates is scheduled to be out of the country over the next few weeks, but sees no reason why defendant can not be represented at the depositions by Mr. Roberts (who apparently had originally planned to attend the depositions on defendant's behalf) or one of its other counsel who have entered their appearances in this case.

James P. O'Hara
U.S. Magistrate Judge